IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FELIX JOSE ARIMONT,** | ) | CASE NO. 1:19 CV 2595 |
| **Plaintiff,** | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| **ADULT PAROLE AUTHORITY,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendant.** | ) | **AND ORDER** |

*Pro se* Plaintiff Felix Jose Arimont ("Plaintiff"), a state prisoner, filed this action against defendant Adult Parole Authority pursuant to 42 U.S.C. § 1983 alleging that his confinement violates various rights under the United States Constitution. Plaintiff seeks relief in excess of One Million Dollars. (Docket # 1).

For the reasons that follow, this case is dismissed without prejudice.

**I. Background**

When Plaintiff filed this action he did not pay the filing fee. Instead, he filed a motion to proceed with this action *in forma pauperis*. (Docket # 2). Magistrate Judge Jonathan Greenberg determined that Plaintiff's motion failed to comply with the requirements of 28 U.S.C. § 1915(b), issued an order advising Plaintiff of the deficiencies, and attached the required Financial Application (Docket # 3-1) for Plaintiff to complete and file. (Docket # 3). The magistrate judge warned Plaintiff that failure to fully and timely comply with the requirements of the order within

30 days may result in dismissal of this action without further notice. (*Id.*).

Plaintiff responded to the deficiency order, but did not comply. (Docket # 4). Plaintiff did not file the required Financial Application, consisting of the affidavit of prisoner and acknowledgement of understanding, along with a certified prisoner account statement for the prior six-month period. (*See* Docket # 3-1). Instead, Plaintiff simply filed a prisoner account statement for the time period 12/08/17 - 12/18/17. (Docket # 4). Plaintiff did not indicate any reason that he could not fully comply with the requirements of the deficiency order, or seek an extension of time to do so.

## II. Discussion

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.*, No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act ("PLRA").). When a prisoner files a civil rights action, he must pay the filing fee. "'[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)). "The Sixth Circuit has...held that the fee requirements of the PLRA do not deprive prisoners their right to access the courts, nor do they deprive the prisoner his right to freedom of expression, equal protection, procedural or substantive due process, or double jeopardy." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *2 (E.D. Mich. May 16, 2013) (citing *Hampton v. Hobbs*, 106

F.3d 1281 (6th Cir. 1997)).

The deficiency order required Plaintiff to comply with the statute's requirements in order to proceed with this action without the full prepayment of fees. *Id.* at *1 ("Submission of [a] sufficient affidavit and a certified trust fund account [for the immediately preceding 6-month period] in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal) (citing *McGore*, 114 F.3d at 605) (further citation omitted); *see also In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

In this case, the deficiency order contained specific instructions and attached a copy of the required Financial Application for Plaintiff to complete if he was unable to pay the full filing fee. Plaintiff failed to complete and file the entire Financial Application, including a certified prisoner account statement for the prior six-month period, in a single filing as required by the deficiency order. While *pro se* pleadings are held to less stringent standards than pleadings drafted by

lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The deficiency order warned Plaintiff that failure to fully and timely comply may result in dismissal of this action without further notice. Plaintiff responded to the deficiency order but did not comply. Accordingly, this action is dismissed without prejudice for want of prosecution. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

### III. Conclusion

For the foregoing reasons, this case is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 11, 2019